UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,    :
                             :
     v.                      :     CASE NO. 3:12CR105(RNC)
                             :
ROBERT LEE                   :

RULING ON MOTIONS

In April 2012, defendant Robert Lee was indicted and arrested on drug charges. On May 22, 2012, the undersigned appointed Attorney John T. Walkley as defendant's counsel. (Docs. #18, 39.) Pending before the court is Attorney Walkley's Motion to Withdraw as Attorney (doc. #556) and defendant's Motion to Appoint Counsel (doc. #559).[1]

The Sixth Amendment mandates that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Defendants who require counsel to be appointed for them are entitled to effective counsel but not to counsel of their own choosing. United States v. Schmidt, 105 F.3d 82, 89 (2d Cir. 1997); see also United States v. Gonzalez-Lopez, 548 U.S. 140, 151 (2006). This means that "defendants who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the

---

[1] District Judge Robert N. Chatigny referred the motions to the undersigned. (Docs. #560, #563.)

courts." United States v. Kopp, No. 00-CR-189A, 2007 WL 1747165, at *2 (W.D.N.Y. June 18, 2007). As a result, substitute counsel is not granted lightly. Id. at *4.

The decision whether to grant substitute counsel rests in the discretion of the district court. United States v. John Doe No. 1, 272 F.3d 116, 122 (2d Cir. 2001). The Second Circuit has adopted a four-part test to evaluate the district court's exercise of that discretion: (1) whether defendant made a timely motion requesting new counsel; (2) whether the trial court adequately inquired into the matter; (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense; and (4) whether the defendant substantially and unjustifiably contributed to the breakdown in communication. Id. at 122-23. After a hearing on May 9, 2013 at which the court inquired of defendant Lee, Attorney Walkley and counsel for the government and considered all relevant factors, the court concludes that the conflict between defendant Lee and Attorney Walkley can be remedied and will not prevent an adequate defense. The motions (docs. #556, #559) are DENIED.

SO ORDERED at Hartford, Connecticut this 16th day of May, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge