```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 3:12CR105(RNC) |
| | : | |
| TYRELL GARY | : | |

**<u>RECOMMENDED RULING AFTER COMPETENCY HEARING</u>**

District Judge Robert N. Chatigny referred this case to the undersigned to hold a second competency hearing as to defendant Tyrell Gary.  (Doc. #660.)  For the reasons that follow, the undersigned finds that the defendant is competent to proceed in this matter and recommends that Judge Chatigny accept this finding.

The following background is relevant.  By motion dated June 4, 2012, counsel for defendant Tyrell Gary requested that the court authorize funds for an expert witness to examine defendant's competency to stand trial.  (Doc. #113.)  The court granted that request on December 6, 2012.  (Doc. #398.)  On January 22, 2013, on recommendation of the undersigned after a psychiatric examination and a hearing pursuant to 18 U.S.C. §§ 4241 and 4247, District Judge Robert N. Chatigny ordered that the defendant be designated to Federal Medical Center Butner for further evaluation.  (Docs. #462, #473.)

In June 2013, FMC Butner provided a Certificate of Restoration of Competency to Stand Trial that included an expert evaluation report. (Doc. #926.) On July 26, the parties jointly moved for a hearing to determine whether the defendant has been restored to competency. (Doc. #654.) Judge Chatigny granted defendant's request to authorize funds for an additional psychiatric examination (doc. #858) and referred the case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct a competency hearing (doc. #660). On October 30, 2013 Cristina Sanchez-Jaquez, M.D. of the Yale School of Medicine Department of Psychiatry issued an evaluation report following her examination of defendant. (Doc. #927.)

Pursuant to 18 U.S.C. § 4241(c), the undersigned held a competency hearing on November 19, 2013. (Doc. #924.) No witnesses were called. The parties jointly submitted the Butner and Sanchez-Jaquez evaluation reports as sealed exhibits. (Docs. #926, #927.)

Section 4241(d) defines incompetency as "presently suffering from a mental disease or defect rendering [a defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). A finding of incompetency must be supported by a preponderance of the evidence. Id. On the basis of the

2

evidence presented at the November 2013 hearing, the undersigned finds that the defendant is competent to proceed in this matter and recommends that Judge Chatigny accept this finding.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).  Failure to timely object to a magistrate judge's report will preclude appellate review.  Small v. Sec'y of Health and Human Serv., 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED at Hartford, Connecticut this 22nd day of November, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge