UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:12cr105(RNC) |
| | : | |
| v. | : | |
| | : | |
| DAQUAN HUDSON, a.k.a. "H," "H.E.," and | : | |
| "Hoagie" | : | March 6, 2014 |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The Court has scheduled sentencing in this matter for March 20, 2014. For the reasons set forth below, the Government respectfully submits that a sentence of 24 months of imprisonment is warranted in this matter.

I.   BACKGROUND

On October 16, 2012, the Honorable Joan G. Margolis, United States Magistrate Judge, authorized an arrest warrant for the defendant based on a criminal complaint charging him with conspiracy to distribute and to possess with intent to distribute 28 grams or more of cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(C), and 846. On October 17, 2012, the defendant was arrested, presented, and ordered detained.[1]

On November 6, 2012, a federal grand jury sitting in New Haven returned an Indictment charging the defendant with conspiracy to distribute and to possess with intent to distribute 28 grams or more of cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B),

---

[1] Paragraph 2 of the Presentence Report ("PSR") inaccurately states that "Mr. Hudson has remained detained since his arrest on May 22, 2012 at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island." Although the defendant was arrested on state charges on May 17, 2012 when law enforcement officers recovered cocaine base in attempting to execute an arrest warrant for Philip Bryant (who was charged in the companion case of United States v. Kevin Wilson, et al., 3:12cr104(EBB)), the defendant was not arrested on federal charges until October 17, 2012. The defendant therefore did not enter federal custody until October 17, 2012. The Government respectfully requests that paragraph 2 of the PSR be amended to reflect this later start date of the defendant's detention. Accordingly, the defendant will have been in federal custody for approximately seventeen months at the time of sentencing on March 20, 2014.

841(b)(1)(C), and 846.  The case against the defendant initially was docketed as <u>United States v. Daquan Hudson</u>, 3:12cr229(SRU).

On November 13, 2012, the Government filed a notice of related case to alert the Court to the relationship between the <u>Hudson</u> case and the case of <u>United States v. Michael Smith, et al.</u>, 3:12cr105(RNC).  On November 16, 2012, the <u>Hudson</u> case was transferred from the Honorable Stefan R. Underhill, United States District Judge, to the Honorable Robert N. Chatigny, United States District Judge (to whom the <u>Smith</u> case had been assigned months earlier).

On January 16, 2013, the Government moved to consolidate the <u>Hudson</u> case with the <u>Smith</u> case for trial.  During a January 23, 2013 telephonic conference, the Court granted the Government's motion to consolidate and scheduled a <u>Curcio</u> hearing because at the time, the defendant was represented by appointed counsel who also represented a defendant in the <u>Smith</u> case.  Ultimately, the <u>Curcio</u> hearing was cancelled and substitute counsel was appointed to represent the defendant.

On July 17, 2013, a federal grand jury sitting in Bridgeport returned a Superseding Indictment in the <u>Smith</u> case, which charged the defendant in Count One with conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; and in Count Nine with possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.  In view of the charges against the defendant set forth in this Superseding Indictment, on July 24, 2013, the Government moved to dismiss the Indictment still pending against the defendant in the <u>Hudson</u> case.  On July 25, 2013, the Court granted the Government's motion to dismiss.

On November 25, 2013, the defendant entered a change of plea to Count One of the Superseding Indictment in the <u>Smith</u> case.  Specifically, the defendant pleaded guilty to

knowingly, intentionally and unlawfully conspiring to possess with intent to distribute, and to distribute, a mixture and substance containing a detectable amount of cocaine and a mixture and substance containing a detectable amount of cocaine base , in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.

In the written plea agreement, the parties contemplated a Guidelines range of 18-24 months of imprisonment without the firearm enhancement or 24-30 months of imprisonment with the firearm enhancement.  The Government conditionally agreed to recommend a three-level reduction for acceptance of responsibility.  The defendant waived his right to appeal or collaterally attack a sentence that does not exceed 24 months of imprisonment, a life term of supervised release, a $1,000,000 fine, and a $100 special assessment.  Sentencing in this matter is scheduled for March 20, 2014 at 10:00 a.m.

The broad background of the underlying investigation and this specific defendant's offense conduct are described in paragraphs nine through twenty-two of the Presentence Report ("PSR") and summarized briefly as follows:  Michael Smith operated a large-scale drug trafficking operation in the New Haven area, involving cocaine and cocaine base.  The defendant became involved in this conspiracy through his relationships with co-defendant Anthony Moore and Smith himself.  Examples of intercepted communications illustrative of the defendant's involvement in drug trafficking—and his related involvement in firearms—are excerpted in paragraphs 20 and 21 of the PSR.  Moreover, at least 100 grams of cocaine are attributable to the defendant based on his direct involvement in the transactions with Smith and Moore and at least 4.1 grams of cocaine base are attributable to the defendant based on the quantity of cocaine base recovered by law enforcement officers on May 17, 2012.  See PSR ¶ 22.

Based on a quantity of at least 100 grams of cocaine and at least 4.1 grams of cocaine base, the PSR determined a base offense level of 18. See PSR ¶ 29. The PSR added two levels pursuant to U.S.S.G. § 2D1.1(b)(1) because the defendant possessed a dangerous weapon. See PSR ¶ 30. The PSR then recommended a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. See PSR ¶¶ 25-26, 36-37. The PSR thus determined a total offense level of 17. See PSR ¶ 38. The PSR then calculated that the defendant has accumulated zero criminal history points resulting from his prior convictions for a number of motor vehicle violations. See PSR ¶ 44. Accordingly, the defendant falls in Criminal History Category I. See PSR ¶ 45. At Criminal History Category I and total offense level 17, the Guidelines ranges are 24-30 months of imprisonment, three years of supervised release, and a fine of $5,000 to $1,000,000. See PSR ¶¶ 62, 64, 68.[2]

The Government respectfully submits that a sentence of 24 months of imprisonment—the bottom of the applicable Guidelines range—is warranted in this matter.

II.     LEGAL STANDARD

A sentencing judge is required to: "(1) calculate[] the relevant Guidelines range, including any applicable departure under the Guidelines system; (2) consider[] the Guidelines range, along with the other § 3553(a) factors; and (3) impose[] a reasonable sentence." See United States v. Fernandez, 443 F.3d 19, 26 (2d Cir.), cert. denied, 127 S. Ct. 192 (2006); United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005). In turn, 18 U.S.C. § 3553(a) provides that "[t]he court, in determining the particular sentence to be imposed, shall consider:"

---

[2] The PSR's calculation of the Guidelines ranges is entirely consistent with the firearm enhancement version of the Guidelines calculation set forth in the plea agreement. See PSR ¶ 7. If the Court does not apply the firearm enhancement, then the plea agreement contemplates Guidelines ranges of 18-24 months of imprisonment, three years of supervised release, and a fine of $4,000 to $1,000,000. See PSR ¶ 7.

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];
>
> (5) any pertinent policy statement [issued by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Second Circuit reviews a sentence for reasonableness, see Rita v. United States, 127 S. Ct. 2456, 2459 (2007), under a "deferential abuse-of-discretion standard," United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). As the Second Circuit recently explained:

> Our review has two components: procedural review and substantive review. [Cavera, 550 F.3d at 189.] We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). Once we have determined that the sentence is procedurally sound, we then review the

substantive reasonableness of the sentence, reversing only when the trial court's sentence "cannot be located within the range of permissible decisions." Cavera, 550 F.3d at 189 (internal quotation marks omitted).

United States v. Dorvee, 616 F.3d 174, 179 (2d Cir. 2010) (internal quotation marks and citations omitted).

III.   DISCUSSION

The Government respectfully submits that a sentence of 24 months of imprisonment—the bottom of the applicable Guidelines range—is warranted in this matter.

**The firearm enhancement.**  U.S.S.G. § 2D1.1(b)(1) provides a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed" in relation to the offense conduct. Application Note 3 provides:

> The enhancement for weapon possession in subsection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.  For example, the enhancement would not be applied if the defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet.

"[O]nce the government has established that a weapon's presence was reasonably foreseeable to the defendant during conduct (i.e., the storage and cutting of drugs) at issue, the enhancement will apply unless the defendant demonstrates that it is clearly improbable that the weapon was connected with the drug offense." United States v. Smith, 215 F.3d 237, 241 (2d Cir. 2000) (per curiam).

In the instant case, the facts recited in paragraph 21 of the PSR—particularly the facts related to law enforcement's recovery of a firearm on December 10, 2011—establish that the defendant possessed a firearm during the timeframe of the conspiracy.  The Government will have a number of intercepted communications related to the December 10, 2011 incident available for the Court's consideration at the sentencing proceeding.  Given the defendant's

admitted involvement in the drug trafficking conspiracy, his possession of a firearm during the same timeframe is sufficient to trigger this two-level enhancement.

The burden then shifts to the defendant to demonstrate that it is clearly improbable that the weapon was connected with the drug conspiracy.  The defendant has not and cannot meet that burden.   It is well-settled that firearms are a tool of the drug trade:

> As we have recognized in the past, "to substantial dealers in narcotics, firearms are as much tools of the trade as are the commonly recognized articles of narcotics paraphernalia."  United States v. Crespo, 834 F.2d 267, 271 (2d Cir. 1987); see also United States v. Bermudez, 529 F.3d 158, 170 (2d Cir. 2008) ("It is axiomatic that drug dealing and guns go hand in hand.").

United States v. Batista, 684 F.3d 333, 343 (2d Cir. 2012); see also United States v. Mitchell, 328 F.3d 77, 83 (2d Cir. 2003) ("[O]ur circuit has long recognized the connection between drug trafficking and firearms, repeatedly permitting firearms into evidence as proof of narcotics conspiracies because drug dealers commonly keep firearms on their premises as tools of the trade.") (internal quotation marks omitted); United States v. Vegas, 27 F.3d 773, 778 (2d Cir. 1994) (recognizing that the Second Circuit "has repeatedly approved the admission of firearms as evidence of narcotics conspiracies, because drug dealers commonly keep firearms on their premises as tools of the trade") (internal quotation marks omitted); United States v. Wiener, 534 F.2d 15, 18 (2d Cir. 1976) ("Experience on the trial and appellate benches has taught that substantial dealers in narcotics keep firearms on their premises as tools of the trade almost to the same extent as they keep scales, glassine bags, cutting equipment and other narcotics equipment.").

Accordingly, the two-level firearm enhancement should be applied in calculating the defendant's Guidelines exposure.

**Seriousness of the offense.**  The defendant's drug trafficking constitutes serious criminal conduct.  Drug trafficking has a broad array of victims, from the purchasers who become addicted to the families that are decimated to the schools where the learning environment is eroded to the communities that are destroyed.  Many of Connecticut's cities, including New Haven, suffer severely from these consequences of drug trafficking.  Moreover, the gravity of this offense is exacerbated by the defendant's "history of marijuana use," PSR ¶ 77, and his possession of a firearm.

**Specific deterrence.**  Prior to the instant case, the defendant's criminal history consisted solely of convictions for a number of motor vehicle violations.  See PSR ¶¶ 40-43.  But this first felony conviction reveals involvement with large-scale drug traffickers (not only co-defendants Anthony Moore and Michael Smith, but also the lead defendant charged in the companion case of United States v. Kevin Wilson, et al., 3:12cr104(EBB)), a substantial quantity of narcotics (at least 100 grams of cocaine), and firearms.  For lack of a better expression, it appears that the defendant jumped right into the deep end of criminal activity.  A substantial term of imprisonment therefore is required to deter the defendant from future criminal conduct.

The Government respectfully submits that a sentence at the bottom of the applicable Guidelines range of 24-30 months of imprisonment is sufficient, but not greater than necessary for the sentence imposed to deter the defendant from further criminal activity, promote his respect for the law, and protect the public from further crimes of the defendant.  Moreover, in view of the defendant's employment aspirations and the obvious need for "vocational training," see PSR ¶ 78, the Government respectfully submits that a substantial period of supervised release is warranted in this case.

**General deterrence.** Finally, there is a need for general deterrence. A sentence of 24 months of imprisonment will signal to other individuals—including individuals like the defendant with little or no criminal history—that drug trafficking is serious criminal conduct that carries serious consequences.

IV.   CONCLUSION

The Government respectfully submits that a sentence of 24 months of imprisonment—the bottom of the applicable Guidelines range—is warranted in this case. The Government objects to any departure or non-Guidelines sentence below that range.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

 /s/
MARC H. SILVERMAN
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04307
157 Church Street, Floor 25
New Haven, Connecticut  06510
(203) 821-3700

C E R T I F I C A T I O N

I hereby certify that on March 6, 2014, the foregoing Government's Memorandum in Aid of Sentencing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

 /s/
MARC H. SILVERMAN
ASSISTANT UNITED STATES ATTORNEY